No. 05-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 206N

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

RANDALL LEROY WOOD,

       Defendant and Appellant.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2004-302,
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Brian C. Smith, Office of the Public Defender, Missoula, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

       Fred Van Valkenburg, County Attorney; Karen Townsend,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 3, 2006

Decided:  August 29, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Randall Leroy Wood with driving under the influence of alcohol or drugs, a fourth or subsequent offense, in Missoula County on June 5, 2004. After a trial by jury, Wood was found guilty of the offense and sentenced to the Department of Corrections (DOC) for thirteen months, followed by a five-year term in Montana State Prison. The court requested that DOC place Wood in the WATCH program and upon successful completion of the program, the remainder of Wood's sentence would be suspended pursuant to numerous conditions.

¶3 During the jury trial, the State offered the following instruction, pursuant to § 61-8-404(2), MCA:

> You are instructed that if the person under arrest refused to submit to one or more tests as provided in this section, proof of refusal is admissible in any criminal action or proceeding arising out of acts alleged to have been committed while the person was driving or in actual physical control of a vehicle upon the ways of this state open to the public while under the influence of alcohol, drugs, or a combination of alcohol and drugs.
>
> The trier of fact may infer from the refusal that the person was under the influence. The inference is rebuttable.

2

¶4     On appeal, Wood contends that the statutory provision that a jury may infer from the refusal to take a sobriety test that the defendant was under the influence of drugs or alcohol unconstitutionally places the burden of proof on the defendant.  Any permissive aspect of the statute, Wood argues, is destroyed by a duty placed on the defendant to rebut the inference.

¶5     When Wood's appeal brief was filed on November 29, 2005, Wood's counsel correctly noted that this Court had not yet addressed the above challenge.  However, in the time since Wood's briefing, we issued *Great Falls v. Morris*, 2006 MT 93, 332 Mont. 85, 134 P.3d 692, in which we analyzed the exact issue Wood now presents.

¶6     In *Morris*, ¶ 19, we noted that when construing a challenged statute, this Court will read and interpret the statute as a whole, without isolating specific terms from the context in which they are used by the Legislature.  We also noted that when interpreting statutes, we give effect to the legislative will, while avoiding an absurd result.  Analyzing § 61-8-404, MCA, as a whole, we concluded that subsection (2) must be read as requiring the production of other competent corroborating evidence of a DUI, given that subsection (1)(a) requires corroborating evidence when a person *actually takes* a drug test.  *Morris*, ¶ 21.  We concluded that the State presented corroborating evidence that Morris was driving while under the influence, including testimony from law enforcement that Morris exhibited erratic driving, slurred speech, red eyes and the odor of alcohol on his breath. *Morris*, ¶ 21.

¶7 In the case at hand, the State presented corroborating evidence in the form of witness testimony that Wood was driving erratically, appeared unsteady on his feet, and was incoherent and belligerent.

¶8 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law.

¶9 We affirm the judgment of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE